UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                               :

CARL SCHNEIDER,                     :

                              :

               Plaintiff,    :

                              :         12 Civ. 6392 (JPO)

        -against-           :

                              :      MEMORANDUM AND

PEARSON EDUCATION, INC.,      :          ORDER

JOHN DOES 1-10,           :

                              :

               Defendants.  :

                              :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Carl Schneider ("Schneider" or "Plaintiff") brings this action for copyright infringement

against Pearson Education, Inc. ("Pearson") and ten unnamed third parties ("John Does"), as well

as for fraud and fraudulent concealment against Pearson.  Pearson has moved to dismiss the

action in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  In

response, Plaintiff has moved for sanctions.

      For the reasons that follow, Pearson's motion to dismiss is granted in part and denied in

part.  Plaintiff's motion for sanctions is denied.

I.      **Background**

      A.      **Factual Background**

      The following facts are taken from Plaintiff's Complaint and are presumed true for

purposes of this motion.

      Schneider is a well known professional photographer, who makes his living taking and

licensing photographs.  In the digital era, photographers like Schneider license their photographs

directly to end users through licensing agents, such as Getty Images (US), Inc. ("Getty").

Pearson, a textbook publishing company, obtained limited-use licenses for Plaintiff's images from Plaintiff himself and Getty.  Pearson represented that it would use the photographs only in publications with limited distributions or print runs, and that it would only retain copies of the photographs, if at all, for archival purposes.  Pearson then repeatedly published Plaintiff's photographs prior to receiving the requisite licenses; when Pearson then sought licenses, it attempted to give Plaintiff the impression that it was obtaining licenses for photographs that had not yet been printed, rather than from photographs already printed without licenses.  Plaintiff also accuses Pearson of underrepresenting the uses it intended to make of Plaintiff's photographs in order to obtain lower licensing rates; of disregarding and violating the express restrictions and distribution quantity limitations of its licenses to use Plaintiff's photographs; and of distributing photographs in regions not permitted by its license.

Plaintiff has identified ten images that Pearson used without permission or in excess of the agreed upon license terms.  (*See* Dkt. No. 1, Ex. A.)  Plaintiff has provided the copyright registration for each of the ten photographs, as well as the names of the publications in which they appeared.

### B.    Procedural Background

Plaintiff filed his Complaint on August 21, 2012.  (Dkt. No. 1. ("Compl.").)  Defendant moved to dismiss the Complaint on October 2, 2012.  (Dkt. No. 6 ("Def.'s Mem.").)  Plaintiff opposed Defendant's motion on November 5, 2012.  (Dkt. No. 10 ("Pl.'s Opp'n").)  Defendant replied on November 16, 2012.  (Dkt. No. 15 ("Def.'s Rep.").)

## II.     Discussion

### A.     Claims for Copyright Infringement

Defendant first argues that Plaintiff has failed to state a claim for copyright infringement

pursuant to Rule 12(b)(6).[1]

#### 1.     Applicable Law

##### a.     Motion to Dismiss Standard

As a general rule, when deciding a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), a court is obliged to "accept as true all of the factual allegations contained in

the complaint," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007), drawing "all

inferences in the light most favorable to the non-moving party's favor." *In re NYSE Specialists*

*Sec. Litig*., 503 F.3d 89, 95 (2d Cir. 2007).  Moreover, courts deciding motions to dismiss are

"not limited to the face of the complaint," but "may [also] consider," *inter alia*, "any written

instrument attached to the complaint . . . ." *In re Scottish*, 524 F. Supp. 2d 370, 382 (S.D.N.Y.

2007) (quotation marks and citations omitted).

While Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement of

the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to avoid

dismissal, a plaintiff must state "the grounds upon which his claim rests through factual

allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comm., Inc. v.*

*Shaar Fund, Ltd*., 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 546); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Rule 8 marks a notable and generous departure

from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of

---

[1] Rule 12(b)(6), not a more rigorous standard of pleading, governs the Court's analysis of
Plaintiff's copyright infringement claim.  *Accord Mid America Title Co. v. Kirk*, 991 F.2d 417,
421-22 (7th Cir. 1993) (noting that it would be inappropriate to hold a copyright infringement
claim to a heightened pleading standard).

discovery for a plaintiff armed with nothing more than conclusions.").  In other words, to survive

a motion to dismiss, a plaintiff's facts must give rise to a plausible narrative supporting his claim.

*See Twombly*, 550 U.S. at 570 ("Here, in contrast, we do not require heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face. Because the

plaintiffs here have not nudged their claims across the line from conceivable to plausible, their

complaint must be dismissed.").

### b.    Copyright Infringement

The Copyright Act of 1976 provides that "the owner of copyright under this title has the

exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted

work in copies or phonorecords . . .; (3) to distribute copies or phonorecords of the copyrighted

work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . ." 17

U.S.C. § 106; *see also Artista Records, LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) ("The

fundamental copyright principles are clear. The owner of a copyright has the exclusive right to—

or to license others to—reproduce, perform publicly, display publicly, prepare derivative works

of, and distribute copies of, his copyrighted work.")  A party who violates the exclusive rights of

the copyright owner is an infringer, liable for damages pursuant to 17 U.S.C. § 504.

"A properly plead[ed] copyright infringement claim must allege 1) which specific

original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in

those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by

what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145

F.R.D. 32, 36 (S.D.N.Y. 1992).  Defendant contends that Plaintiff has failed to adequately plead

4

the first and fourth requirements: which works are the subject of the copyright claim and by what acts Defendant infringed Plaintiff's copyrights.[2]

### 2.      The Works that Are the Subject of the Claim

In his Complaint, Plaintiff lists ten photographs that are alleged to have been published by Defendant "without permission, without valid permission being obtained prior to copying, or in excess of limited licenses."  (Compl. at ¶ 23; *see also id.*, Ex. A.)  Exhibit A to the Complaint enumerates not only the name and registration number of each work, but also the name of the Pearson publication or publications in which each work appeared.

Along with alleging that Defendant infringed ten specific works, however, the Complaint also states that "the full scope of Pearson's infringing activities has not yet been ascertained," and that "further investigation and discovery will yield evidence that Pearson's [infringement] of Plaintiff's images is not limited to the photographic works identified herein."  (*Id.* at ¶¶ 27-28; *see also* ¶ 39 .)  According to Defendant, these "excessively broad" paragraphs render the Complaint "subject to dismissal."  (Def.'s Rep. at 4.)

Defendant is correct that Plaintiff's allegations in paragraphs 27 and 28 are nothing more than speculation, and to the extent that Plaintiff has attempted to state a claim for copyright infringement concerning works other than the ten listed in Exhibit A of the Complaint, he has failed to do so.  Nevertheless, the Court fails to see why several discrete paragraphs in a Complaint should nullify other, factually specific allegations in the Complaint; it would be unjust and inappropriate to throw out these well-pleaded allegations, merely because Plaintiff's Complaint may also contain a bit of bathwater.  Simply stated, Plaintiff has alleged that specific

---

[2] In its initial brief, Defendant also argued that Plaintiff failed to plead, as to one photograph, that the copyright had been properly registered.  (Def.'s Mem. at 5-6.)  Defendant has since withdrawn this argument.  (Def.'s Rep. at 6.)

works to which he owned the copyright were infringed upon, and by doing so, he has adequately pleaded this element under Rule 12(b)(6).  *Cf. Bean v. Pearson Educ., Inc.*, No. 11 Civ. 8030, 2011 WL 1882367, at *2 (D. Ariz. May 17, 2011) (rejecting Pearson's argument that plaintiffs failed to allege ownership of the photographs at issue where the plaintiffs attached an exhibit to their complaint listing particular photographs and their registration numbers).[3]

### 3.    The Acts by which Plaintiff's Copyrights Were Infringed

Defendant next argues that Plaintiff has failed to allege "by what acts during what time the defendant infringed the copyright."  *Kelly*, F.R.D. at 36.  While conceding that Plaintiff has alleged that the ten photographs listed in the Appendix to its Complaint were "published . . . without permission, without valid permission being obtained prior to copying, or in excess of its limited licenses," Defendant argues that the Complaint is deficient for "mak[ing] no effort to explain how Pearson alleged infringed upon any particular photograph, for example, which photograph was allegedly used without it in excess of a license."  (Def.'s Rep. at 4.)

Again, however, Plaintiff's allegations, though not brimming with details, are specific enough to meet the requirements of Rule 12(b)(6) and Rule 8.  *See Pacific Stock, Inc. v. Pearson Educ., Inc.*, No. 11 Civ. 0423, 2012 WL 93182, at *6 (D. Haw. Jan. 11, 2012) (rejecting Pearson's argument that Plaintiff was "required to allege the precise manner in which [Pearson] exceeded each license," as "Pearson may, in an abundance of caution, assume that it is being accused of violating each license in every way identified"); *see also Frerck v. Pearson Educ.,*

---

[3] Pearson reads Judge Griesa's Opinion in *Palmer Kane v. Scholastic Corp.*, No. 12 Civ. 3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) as supporting the proposition that a plaintiff fails to state a claim where he provides a "list of works" that have been infringed upon but "indicate[s] that this list is not exhaustive . . . ."  (Def.'s Supp. Auth. at 2 (quoting *Palmer Kane*, 2013 WL 709276, at *3).)  *Palmer Kane* is distinguishable on the facts.  To the extent, however, that *Palmer Kane* or other district court opinions set forth such a rule, this Court takes a different course.

*Inc.*, No. 11 Civ. 5319, 2012 WL 1280771, at *3 (N.D. Ill. Apr. 16, 2012) (rejecting Pearson's

argument that, "in order to state a claim for copyright infringement, Frerck must plead specific

details as to each infringing act," as "[t]his requirement would impose a higher burden on

copyright claims than is required under the federal rules. Notice pleading, not fact pleading, is all

that is required to survive a motion to dismiss under Rule 12(b)(6)").

### 3.      Conclusion

In sum, Plaintiff's Complaint sufficiently states a claim for copyright infringement; it

both provides "fair notice" to Defendant and contains specific factual allegations sufficient to

"nudge[]" Plaintiff's infringement claims "across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 561, 570.

### B.      The Fraud and Fraudulent Concealment Claims

Defendant next argues that Plaintiffs fraud claims fail to state a claim under Rules 9(b)

and 12(b)(6).

### 1.      Legal Standard

Claims sounding in fraud must satisfy not only Rule 12(b)(6), but also rule 9(b); thus

unlike copyright claims, claims for fraud, as well as fraudulent concealment, must "state with

particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b).[4]  By contrast,

"Rule 9(b) provides that fraudulent intent 'may be averred generally,' as long as the complaint

provides a factual basis that gives rise to a strong inference of intent to defraud, knowledge of the

falsity, or a reckless disregard for the truth." *Marvullo v. Gruner & Jahr AG & Co.*, No. 98 Civ.

5000 (RLC), 2001 WL 40772, *5 (S.D.N.Y. Jan. 17, 2001) (citation omitted).  Unlike pleadings

---

[4] "Rule 9(b) is designed to further three goals: (1) providing a defendant fair notice of plaintiff's claim, to enable preparation of defense; (2) protecting a defendant from harm to his reputation or goodwill; and (3) reducing the number of strike suits." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

analyzed solely under Rule 12(b)(6), "Rule 9(b) pleadings cannot be based upon information and belief." *DiVittorio*, 822 F.2d at 1247 (citation omitted).

In order to comply with Rule 9(b), a complaint alleging fraud "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.1993)); *see also DiVittorio*, 822 F.2d at 1247 (explaining that "fraud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations.")  Moreover, like a claim for fraud, a "claim of fraudulent concealment must be pled with particularity, in accordance with the heightened pleading standards of Fed.R.Civ.P. 9(b)." *Hinds County, Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009) (citation omitted).  Where the claim "is premised on concealment so that the plaintiff cannot specify the time and place because no affirmative act occurred, the complaint must still allege: (1) what the omissions were; (2) the person responsible for the failure to disclose; (3) the context of the omissions and the manner in which they misled the plaintiff; and (4) what the defendant obtained through the fraud." *Woods v. Maytag Co.*, 807 F. Supp. 2d 112, 119 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

## 2.    Application of Law to Facts

In support of his fraud claim, Plaintiff has alleged, *inter alia*, that Defendant misrepresented "material facts" and made "various misrepresentations" to "Plaintiff or his agent," as well as that Defendant entered into "various agreements" with the intent to mislead. (Compl. at ¶¶ 45-47.)  Plaintiff, however, has failed to specifically identify the "time, place,

speaker, and content" of even one fraudulent statement.[5]  Similarly, Plaintiff's claim for

fraudulent concealment lacks the requisite level of particularity.  Rather than specify the

particular omissions and the Pearson employees or agents responsible for them, Plaintiff merely

alleges that Defendant "concealed" its overprinting from Plaintiff , and, even more generally,

that Defendant "conceal[ed] and misrepresent[ed] . . . critical and material facts" from Plaintiff

"in negotiating . . . various licensing agreements" between the parties.  (Compl. at ¶¶ 56, 59.)

Thus, Plaintiff's claims for fraud and fraudulent concealment falls short of the

requirements of Rule 9(b), and must be dismissed.  *Accord Wiley*, 2012 WL 3133520, at *16

(holding that Plaintiff failed to plead a claim for fraud where the complaint "fails to specify even

one fraudulent statement or omission that is attributable to a [Defendant] employee or agent, and

also fails to allege where any purportedly fraudulent conduct took place").[6]

### C.    Plaintiff's Motion for Sanctions

Plaintiff argues in his opposition brief that Defendant's motion to dismiss was premised

on "frivolous arguments" and that sanctions are therefore warranted.  (Pl.'s Opp'n at 25.)

---

[5] In his opposition brief, Plaintiff barely contests that lack of specificity as to its fraud claim, but rather asserts that, "[g]iven the number of licensing interactions at issue, it is not reasonable to require that Plaintiff identify each instance in which Pearson made a false statement to Plaintiff or his agents."  (Pl.'s Opp'n at 23 n.13.)  Perhaps not, but Plaintiff has not pleaded any such statement with specificity, rendering his fraud claim deficient under Rule 9(b).

[6] The Court also agrees with Defendant that Plaintiff has failed to plead a pecuniary harm that is a direct result of the claims sounding in fraud.  *See Wiley*, 2012 WL 3133520, at *16-17 (holding that an action for fraud failed to state a claim under Rule 12(b)(6) where Plaintiff failed to allege "pecuniary losses that are 'the direct, immediate, and proximate result of the misrepresentation'" and that "[are] 'independent of other causes.'" (quoting *Kregos v. Associated Press*, 3 F.3d 656, 665 (2d Cir. 1993); *see also Bennett v. United States Trust Co.*, 770 F.2d 308, 316 (2d Cir. 1985))).  Because "damages are an essential element of a fraud claim," *Semerdjian v. McDougal Littell*, No. 07 Civ. 7496 (LMM), 2008 WL 110942, at *2 (S.D.N.Y. Jan.2, 2008) (quoting *Abernathy–Thomas Eng'g Co. v. Pall Corp.*, 103 F.Supp.2d 582, 599 (E.D.N.Y. June 27, 2000)), Plaintiff has therefore failed to state a claim for fraud under Rule 12(b)(6), as well as under Rule 9(b).

Defendants' arguments on this motion were not frivolous.  Plaintiff's request for costs, expenses, and attorney's fees is therefore denied.

**IV.      Conclusion**

For the foregoing reasons, Defendants' motions to dismiss is GRANTED in part and DENIED in part.  Plaintiff's motion for sanctions is DENIED.

The Clerk of the Court is directed to close the Motion at Docket Number 5.

SO ORDERED.

Dated: New York, New York
       April 5, 2013

_____
          J. PAUL OETKEN
      United States District Judge